**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**HOUSTON BYRD, JR.,**

    **Plaintiff,**

  v.                                  Civil Action 2:17-cv-981
                                        Judge Algenon L. Marbley
                                        Magistrate Judge Jolson

**JUDGE W. SCOTT GWIN,**

    **Defendant.**

## REPORT AND RECOMMENDATION

Plaintiff initiated this matter as a miscellaneous case, seeking to reopen his state appellate court case. On October 16, 2017, this Court issued an Order explaining to Plaintiff that miscellaneous cases are ancillary and supplementary proceedings related to other cases filed in federal courts. (Doc. 2). Consequently, the Court ordered Plaintiff to show good cause within fourteen days why this action should remain as a miscellaneous action and why he should not be charged the full civil filing fee of $400. (*Id.*).

After fourteen days had passed and Plaintiff had failed to respond, this Court issued an Order on November 7, 2017, directing the Clerk is to refile the matter as a civil action and ordering Plaintiff to pay the $400 filing fee or file a proper motion for leave to proceed *in forma pauperis* within fourteen days. (Doc. 4). The Court warned Plaintiff that his failure to do so would result in a recommendation of dismissal for want of prosecution. (*Id.*).

Plaintiff filed a response to the Court's show cause Order the following day, on November 8, 2017. (Doc. 5). Although difficult to decipher, Plaintiff appears to argue the matter should remain a miscellaneous case because he is not "trying to recover any

compensatory and punitive monetary damages." (*Id*. at 1). However, Plaintiff seemingly abandoned that argument in a second response filed on November 14, 2017, in which he requests "reparations for the $47.00 submitted…." (Doc. 8 at 2).

Also on November 14, 2017, Plaintiff filed a motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). (Doc. 6). In *Adkins v. E.I. DuPont de Nemours & Co., Inc.*, 335 U.S. 331 (1948), the Supreme Court set forth the legal standard applicable to a motion to proceed *in forma pauperis*. An affidavit of poverty is sufficient if it reflects that the plaintiff cannot pay the Court's filing fee without depriving himself and his dependents the "necessities of life." *Id*. at 339 (internal quotation marks omitted). Although the plaintiff need not be totally destitute in order to proceed *in forma pauperis*, paying the filing fee must be more than a mere hardship. *See Foster v. Cuyahoga Dep't of Health & Human Servs*., 21 F. App'x. 239, 240 (6th Cir. 2001) (noting that "the question is whether the court costs can be paid without undue hardship").

Upon review of Plaintiff's Motion, it appears that he has access to sufficient assets such that paying the one-time filing fee of $400.00 would not impose an undue hardship upon him and his dependent. That is, paying the filing fee would not cause Plaintiff to deprive himself and his dependent the necessities of life. Accordingly, it is **RECOMMENDED** that Plaintiff's motion for leave to proceed *in forma pauperis* be denied. (Doc. 6).

## Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo*

determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: November 16, 2017          /s/ Kimberly A. Jolson
                                 KIMBERLY A. JOLSON
                                 UNITED STATES MAGISTRATE JUDGE