## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**HOUSTON BYRD, JR.,**

        **Plaintiff,**

        **v.**

**JUDGE W. SCOTT GWIN,**

        **Defendant.**

:

:      **Case No. 2:17-cv-981**

:

:      **JUDGE ALGENON L. MARBLEY**

:      **Magistrate Judge Deavers**

:

:

### OPINION AND ORDER

This matter comes before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint. Defendant argues that this Court lacks subject matter jurisdiction to hear this action and it should therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(1). Defendant also argues that Plaintiff fails to state a claim upon which relief may be granted by this Court, and thus the action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons stated below, Defendant's Motion to Dismiss is **GRANTED**. All claims by Plaintiff Byrd are **DISMISSED**.

### I.      BACKGROUND

Plaintiff filed a civil case in Licking County, Ohio and appealed the matter to the Fifth District Court of Appeals. (ECF No. 1). Plaintiff initiated the instant action on October 12, 2017, complaining that the Fifth District did not follow applicable rules and law when ruling on his appeal.[1] (*Id.* at 8-9). Specifically, Plaintiff claims that the state trial court's entries were "against the manifest weight of the evidence up for view and law." (*Id.* at 3). Continuing, Plaintiff alleges "fraud upon the court" consisting of "fraud perpetrated by officers of the court..." (*Id.* at 4) (quoting *Kenner v. C.I.R.*, 387 F.3d 689 (7th Cir. 1968) (internal quotations

---

[1] The docket refers to ECF No. 1 as a "motion to remand" and Defendant refers to it as "complaint." This Court understands them to be the same document and will refer to ECF No. 1 as the "Complaint" throughout the Order.

omitted). Plaintiff moves this Court to, "[r]emand this matter back to the Appellate Court." (*Id.* at 9). As a basis for his Complaint, Plaintiff offers the vague claim that the Fifth District Court of Appeals violated his constitutional rights and due process of law. (*Id.* at 3, 9). Plaintiff does not specifically explain how or why the Fifth District Court of Appeals violated his rights, instead only making the legal assertion that his rights were indeed violated.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12 provides, in relevant part, that:

(b) Every defense to a claim for relief must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:

(1) lack of subject-matter jurisdiction

Fed. R. Civ. P. 12(b)(1). As noted by this Court, "[f]ederal courts are of limited jurisdiction; they are empowered to hear only those cases which are within the judicial power of the United States as defined in the United States Constitution and as further granted to them by Act of Congress." *Mullins v. Pennymac Loan Services, LLC*, No. 3:16-cv-137, 2016 WL 6080286, at *1 (S. D. Ohio Oct. 18, 2016). Continuing, this Court explained that, "there is a presumption that a federal court lacks jurisdiction until it has been demonstrated." *Id.* Notably, the plaintiff bears the burden of demonstrating that a court has subject-matter jurisdiction. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Thus, in order to defeat Defendant's Motion to Dismiss under Fed. R. Civ. P. 12(b)(1), Plaintiff must demonstrate that this Court has subject-matter jurisdiction.

## III. ANALYSIS

Defendant argues that the *Rooker-Feldman* doctrine bars jurisdiction here. (ECF No. 3 at 2). Functionally, the *Rooker-Feldman* doctrine serves as a bar that disallows federal District and Circuit Courts from conducting appellate review of state court judgments. The *Rooker-Feldman*

jurisdictional bar finds its roots in two cases that interpret 28 U.S.C. § 1257(a). *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). The *Rooker-Feldman* doctrine, "is based on the negative inference that if appellate court review of such state judgments is vested in the Supreme Court [per § 1257(a)], then it follows that such review may not be had in the lower federal courts." *Lawrence v. Welch*, 531 F.3d 364, 368 (6th Cir. 2008). Thus, if a state court judgment is the source of injury upon which a plaintiff bases his/her federal claim in federal courts other than the Supreme Court of the United States, the *Rooker-Feldman* doctrine applies, barring the claim for lack of subject-matter jurisdiction. *McCormick v. Braverman*, 451 F.3d 382, 394 (6th Cir. 2006).

In the present case, Plaintiff asks this Court to conduct appellate review of a state court decision. Due to the *Rooker-Feldman* doctrine, this Court is unable to do so. The alleged source of the injury to Plaintiff is the state appellate court's "failure to perform" which led to decisions adverse to Plaintiff. (ECF No. 1 at 1, 9). As Defendants point out, the Sixth Circuit Court in *Durham v. Haslam* reinforced a fundamental tenet of the federalist system in writing, "federal appellate jurisdiction over a state court decision lies exclusively with the Supreme Court, and not lower federal courts." 528 F. App'x 559, 563 (6th Cir. 2013). Thus, the only federal court that has any jurisdiction over state court decisions is the Supreme Court of the United States, and not the United States Circuit Courts or United States District Courts. This Court, the United States District Court for the Southern District of Ohio, lacks subject-matter jurisdiction. Indeed, Plaintiff offers no explanation as to why this Court has jurisdiction in this matter, and thus does not meet the burden established by *RMI Titanium Co.,* which requires that the plaintiff must prove that the court in question has subject-matter jurisdiction. Accordingly, this Court

**GRANTS** Defendant's Motion Pursuant to Fed. R. Civ. P. 12(b)(1) and need not reach

Defendant's 12(b)(6) arguments.

## IV.    CONCLUSION

Because Plaintiff has not demonstrated that this Court has the power to hear this case, the

Court is obligated to dismiss the Complaint in its entirety.  Defendant's Motion to Dismiss (ECF

No. 3) is hereby **GRANTED**.  This case is hereby **DISMISSED**.

**IT IS SO ORDERED.**

        **/s/ Algenon L. Marbley**
        **ALGENON L. MARBLEY**
        **UNITED STATES DISTRICT JUDGE**

**Dated: June 25, 2018**