# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

HOUSTON BYRD, JR.,

    Plaintiff,

v.

JUDGE W. SCOTT GWIN,

    Defendant.

Case No. 2:17-CV-981

JUDGE ALGENON L. MARBLEY

Magistrate Judge Deavers

## OPINION & ORDER

This matter is before the Court on Plaintiff's Motion for Reconsideration (ECF No. 18). For the reasons set forth below, Plaintiff's Motion for Reconsideration is **DENIED**.

## I. BACKGROUND

Plaintiff filed a civil case in Licking County, Ohio and appealed the matter to the Fifth District Court of Appeals. (ECF No. 1 at 1). Plaintiff alleged that the Fifth District did not follow applicable rules and law when deciding his appeal. (*Id.*). Specifically, Plaintiff alleged the state court's entries were "against the manifest weight of the evidence." (*Id.* at 3). Plaintiff also alleged "fraud upon the court" consisting of "fraud perpetrated by officers of the court." (*Id.* at 4). Plaintiff then filed a Motion in this Court to "[r]emand this matter back to the Appellate Court," offering vague claims that the Fifth District Court of Appeal violated his constitutional rights and due process of law. (*Id.* at 3, 9). Plaintiff did not explain exactly how the Fifth District Court of Appeals violated his rights, yet asserts that his rights were indeed violated. (ECF No. 15 at 2).

On November 6, 2017, Defendant filed a motion to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6). (ECF No. 3 at 2, 5). On June 25, 2018, this Court granted that

motion and dismissed the action pursuant to Fed. R. Civ. P. 12(b)(1). (ECF No. 15 at 4). Because this Court found a lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), it did not evaluate the merits of Defendant's 12(b)(6) arguments. (*Id.*). Following dismissal, Plaintiff filed the instant Motion for Reconsideration. (ECF No. 18).

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 59(e), a court will reconsider its own prior decision "if the moving party demonstrates: (1) a clear error of law; (2) newly discovered evidence that was not previously available to the parties; or (3) an intervening change in controlling law." *Owner-Operator Indep. Drivers Ass'n, Inc. v. Arctic Express, Inc.*, 288 F.Supp.2d 895, 900 (S.D. Ohio 2003). Courts may also alter or amend a judgment when necessary "to prevent manifest injustice." *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Reconsideration due to a finding of manifest injustice or a clear error of law requires "unique circumstances," such as complete failure to address an issue or claim. *McWhorter v. ELSEA, Inc.*, 2006 WL 3483964, at *2 (S.D. Ohio 2006) (*citing Collison v. Int'l Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994)). Even for motions to reconsider interlocutory orders, courts respect the importance of "grant[ing] some measure of finality ... and [of] discourag[ing] the filing of endless motions for reconsideration" in applying the relevant criteria. *Id*. A motion under Rule 59(e) may not be brought to relitigate issues previously considered by the Court or to present evidence that could have been raised earlier. *See J.P. v. Taft*, 2006 WL 689091, at *3 (S.D. Ohio 2006).

## III. LAW & ANALYSIS

A party requesting this Court reconsider a prior order must argue one of the enumerated reasons as the basis for the motion. It is unclear which basis Plaintiff alleges. However, it does

not appear he is offering newly discovered evidence, or citing to an intervening change in controlling law, or alleging manifest injustice. By process of elimination, this Court will understand Plaintiff to be arguing there has been clear error.

### A. Lack of Subject Matter Jurisdiction

In this Court's prior Order dismissing Plaintiff's complaint, this Court agreed with Defendant that the *Rooker-Feldman* doctrine bars jurisdiction here. (ECF No. 15 at 3-4). Generally speaking, "[f]ederal courts are of limited jurisdiction; they are empowered to hear only those cases which are within the judicial power of the United States Constitution and as further granted to them by Acts of Congress." *Mullins v. Pennymac Loan Services, LLC*, No. 3:16-cv-137, 2016 WL 6080286, at*1 (S. D. Ohio Oct. 18, 2016). As noted by this Court, "there is a presumption that a federal court lacks jurisdiction until it has been demonstrated." *Id.* Facts "supporting subject matter jurisdiction must be affirmatively pleaded by the person seeking to show it." *Id.* Accordingly, the plaintiff bears the burden of demonstrating that a court has subject matter jurisdiction. *RMI Titanium Co. v. Westinghouse Elec. Corp.,* 78 F. 3d 1125, 1134 (6th Cir. 1996).

Functionally, the *Rooker-Feldman* doctrine prohibits federal District and Circuit Courts from conducting appellate review of state court judgments. This doctrine is based on two United States Supreme Court decisions interpreting 28 U.S.C. § 1257(a). *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co*., 263 U.S. 413 (1923). The *Rooker-Feldman* doctrine, "is based on the negative inference that if appellate court review of such state judgments is vested in the Supreme Court [per § 1257(a)], then it follows that such review may not be had in the lower federal courts." *Lawrence v. Welch*, 531 F.3d 364, 368 (6th Cir. 2008). Therefore, if a plaintiff bases his or her federal claim on a state court judgement in

federal courts *other than* the Supreme Court of the United States, the *Rooker-Feldman* doctrine applies, barring the claim for lack of subject matter jurisdiction. *McCormick v. Braverman*, 451 F. 3d 382, 394 (6th Cir. 2006). Specifically, a plaintiff is barred from "complaining of an injury caused by the state judgment and seeking its reversal. This he [plaintiff] may not do, regardless of whether he raised any constitutional claims in state court." *Id.*

In his Motion for Reconsideration, Plaintiff asks this Court to conduct appellate review of a state court decision. (ECF No. 18 at 1). Per the *Rooker-Feldman* doctrine, this Court will not do so. Plaintiff seeks appellate review from this Court for the state appellate court's alleged "failure to perform." (ECF No. 1 at 1, 9). As Defendant previously noted, "federal appellate jurisdiction over a state court decision lies exclusively with the Supreme Court, and not lower federal courts." *Durham v. Haslam*, 528 F. App'x 559, 563 (6th Cir. 2013). Therefore, only the Supreme Court has jurisdiction over state court decisions whereas the United States Circuit Courts and United States District Courts do not. Accordingly, this Court, the United States District Court for the Southern District of Ohio, lacks subject matter jurisdiction.

In addition, Plaintiff offers little to no explanation as to why this Court has jurisdiction over this matter. Plaintiff reiterates statutes relevant to subject matter jurisdiction but fails to explain how they apply to the present issue. Likewise, Plaintiff reiterates allegations of "fraud upon the court" and requests review because the "Court's reliance on the [D]efendant's blatantly unsupported response [is] incredulous[ly] flawed." (ECF No. 18 at 1-2). However, Plaintiff makes these allegations yet fails to mention why this reasoning is flawed. Plaintiff also fails to explain how these allegations confer subject matter jurisdiction upon this Court. Plaintiff quotes 28 U.S.C. § 1331, but his motion is otherwise lacking any legal basis to permit this Court to exercise jurisdiction. Plaintiff has not met the burden established by *RMI Titanium Co.,* which

requires that a plaintiff prove that the court in question has subject matter jurisdiction. By failing to meet this burden, Plaintiff has not established or demonstrated a clear error of law in these proceedings.

### B. Failure to State a Claim for Relief

This Court did not previously decide whether Plaintiff failed to state a claim for relief pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff appears to argue that treatment of his complaint was done improperly. However, in his Motion for Reconsideration, Plaintiff merely alleges that "the Court lacks subject matter jurisdiction is fraudulent [sic] and disingenuous due to: Federal Rule of Civil Procedure 8: General Rules of Pleading." (ECF No. 18 at 2-3). Plaintiff proceeds to quote Fed. R. Civ. P. 8(a) and (b) but does not indicate how his complaint states a claim for relief. In any event, without subject matter jurisdiction, the question of whether Plaintiff's pleadings are proper would be moot. Plaintiff has not identified any reason under Fed. R. Civ. P. 59(e) that would persuade this Court to grant his Motion for Reconsideration.

### IV. CONCLUSION

For the reasons above, Plaintiff has failed to identify a clear error of law in this Court's prior Order dismissing this case. Plaintiff's Motion for Reconsideration is **DENIED**.

**IT IS SO ORDERED.**

/s/ Algenon L. Marbley
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**Dated: March 18, 2019**