# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| HOUSTON BYRD, JR., | : | |
| | : | Case No. 2:17-cv-981 |
| Plaintiff, | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | |
| JUDGE W. SCOTT GWIN, | : | Magistrate Judge Jolson |
| | : | |
| Defendant. | : | |

## **OPINION & ORDER**

This matter is before the court on Plaintiff's Motion for Reconsideration. (ECF No. 20). For the reasons set forth below, Plaintiff's Motion for Reconsideration is **DENIED**.

## I. BACKGROUND

Plaintiff filed a case in Licking County, Ohio and appealed to the Fifth District Court of Appeals. During that process, Plaintiff alleges the Fifth District Court of Appeals committed fraud and that the court entries were "against the manifest weight of the evidence," all in violation of his right to due process. (ECF No. 1). Plaintiff requested a remand to the appellate court. *Id.* On November 6, 2017, Defendant filed a motion to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 3). This Court dismissed the case for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). (ECF No. 15). There was no need to evaluate Defendant's 12(b)(6) arguments. *Id.*

Following dismissal, Plaintiff filed a Motion for Reconsideration. (ECF No. 18). This Court dismissed the Motion for Reconsideration because this Court had not made a clear error of

law in dismissing Plaintiff's case. (ECF No. 19). Plaintiff then filed the instant Motion for Reconsideration. (ECF No. 20).

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 59(e), a court will reconsider its own prior decision "if the moving party demonstrates: (1) a clear error of law; (2) newly discovered evidence that was not previously available to the parties; or (3) an intervening change in controlling law." *Owner-Operator Indep. Drivers Ass'n, Inc. v. Arctic Express, Inc*., 288 F.Supp.2d 895, 900 (S.D. Ohio 2003). Courts may also alter or amend a judgment when necessary "to prevent manifest injustice." *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Reconsideration due to a finding of manifest injustice or a clear error of law requires "unique circumstances," such as complete failure to address an issue or claim. *McWhorter v. ELSEA, Inc*., No. 2:00-cv-473, 2006 WL 3483964, at *2 (S.D. Ohio 2006) (*citing Collison v. Int'l Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994)). Even for motions to reconsider interlocutory orders, courts respect the importance of "grant[ing] some measure of finality ... and [of] discourag[ing] the filing of endless motions for reconsideration" in applying the relevant criteria. *Id*. A motion under Rule 59(e) may not be brought to relitigate issues previously considered by the Court or to present evidence that could have been raised earlier. *See J.P. v. Taft*, No. C2-04-692, 2006 WL 689091, at *3 (S.D. Ohio 2006).

## III. LAW AND ANALYSIS

Like the previous Motion for Reconsideration, Plaintiff does not cite any intervening change in controlling law, claim there is new evidence, or assert manifest injustice. Thus, this Court will assume Plaintiff alleges a clear error in the previous order. This Court previously found that the *Rooker-Feldman* doctrine bars subject matter jurisdiction over Plaintiff's case.

2

(ECF No. 18).  The *Rooker-Feldman* doctrine precludes federal courts from reviewing state court judgments.  *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).  Because Plaintiff's claim asks this Court to review the Fifth District Court of Appeals decision, the *Rooker-Feldman* doctrine prohibits subject matter jurisdiction.  In addition, any discussion about failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) has already been disregarded as moot.

As to the motion for recusal, Plaintiff's argument is unpersuasive.  Plaintiff argues that he objected to the Magistrate Judge's Report and Recommendation issued on November 16, 2017 and that the failure of this Court to consider the objections constitutes fraud and perjury.  The Sixth Circuit has held "a judge may disqualify himself where a reasonable person with knowledge of all facts would conclude that the judge's impartiality might be questioned." *Burley v. Gagacki*, 834 F.3d 606, 615–16 (6th Cir. 2016).  This is a high standard.

There is no evidence in the record that supports Plaintiff's claim for recusal.  Objections to a Magistrate Judge's Report and Recommendation must be filed within fourteen days.  If objections are not filed within this time period, the parties waive their right to have the District Judge conduct a *de novo* review of the Report and Recommendation.  The Magistrate Judge specifically advised the parties of the timeframe for objecting in the Report and Recommendation.  (ECF No. 9 at 2–3).  Plaintiff filed objections only after this Court had adopted the Magistrate Judge's Report and Recommendation.  Additionally, this Court thereafter dismissed the case for lack of jurisdiction, a matter on which the Magistrate Judge did not rule.  There was no fraud or perjury by this Court.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Reconsideration (ECF No. 20) is hereby **DENIED**.

**IT IS SO ORDERED.**

                                                    s/ Algenon L. Marbley
                                                **ALGENON L. MARBLEY**
                                                **UNITED STATES DISTRICT JUDGE**

**DATED: August 13, 2019**